IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01980-LTB-RTG

MARSHALL HUGHES,

    Petitioner,

v.

ANDRE STANCIL, Executive Director, Colorado Department of Corrections,
PHIL WEISER, Attorney General, State of Colorado,

    Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed by Petitioner Marshall Hughes, who is represented by counsel. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 10).[1]

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

1

respectfully recommended that the Application be denied and the action be dismissed.

## I. BACKGROUND

Petitioner is challenging the validity of his October 2, 2014, conviction in El Paso County, Colorado District Court Case No. 14CR1962.   Applicant was found guilty by a jury of criminal mischief and harassment and was sentenced to three years of probation. (ECF No. ECF 1-11 at 3; ECF No. 1-3 at 1-2).   The Colorado Court of Appeals (CCA) affirmed the conviction (ECF No. 1-11 at 3) and the Colorado Supreme Court (CSC) denied certiorari (ECF No. 1-4).   Petitioner then filed a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c) (ECF No. 1-5) which the district court denied (ECF No. 1-6).   Petitioner appealed (ECF No. 1-7), and the CCA affirmed in part and reversed in part with directions to the trial court to set aside the harassment conviction. (ECF No. 1-11).   Then CSC denied certiorari.   (ECF No. 1-12).   Petitioner was released from probation in December 2017.   (ECF No. 7-2).

In the present Petition, Petitioner asserts that his trial counsel provided ineffective assistance in violation of his constitutional rights by failing to investigate and present testimony from a neutral bystander who would have contradicted the complaining witness's allegations.   (ECF No. 1 at 12-17).   As relief, Petitioner requests that his conviction be vacated.   (*Id*. at 17).

On June 26, 2025, the Court ordered Respondents to file a Pre-Answer Response limited to addressing whether Petitioner is "in custody" for the purposes of the conviction he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.   On July 17, 2025,

Respondents filed a Pre-Answer Response (ECF No. 7) arguing that Petitioner is not in custody and that the Application is untimely. Petitioner filed a reply on July 23, 2025. (ECF No. 8).

## II. DISCUSSION

The Court has jurisdiction to entertain an application for habeas corpus relief pursuant to § 2254 only from a petitioner who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.") The habeas petitioner must be in custody at the time the habeas action is filed. *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009; *see also Dickey v. Allbaugh*, 664 F. App'x 690, 692 (10th Cir. 2016) ("Custody status is determined as of the time the habeas petition is filed") (citing *Spencer v. Kemna*, 523 U.S. 1, 7, (1998)). The custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). It is Petitioner's burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

While the custody requirement does not require physical custody or incarceration, *see Jones v. Cunningham*, 371 U.S. 236, 238-43 (1963), the requirement is not satisfied unless the petitioner is subject to "restraints not shared by the public generally that significantly confine and restrain freedom," *Mays*, 580 F.3d at 1139.

Petitioner was released from probation more than seven years before he filed the present Petition. It is undisputed that Petitioner is not currently in physical custody and

that he was not in physical custody when he filed the present Petition. (See ECF No. 1 at 11). However, Petitioner argues that he is "in custody" for purposes of federal habeas jurisdiction because, as a result of his conviction, he was discharged from the military and is barred from further military service. He contends that his military discharge and bar from service constitute a sufficient restraint on his liberty so as to satisfy the in-custody requirement.

Petitioner has not provided, and the Court has not located, any legal authority holding that a discharge or bar from military service resulting from a criminal conviction constitutes "in custody" status so as to confer federal habeas jurisdiction. Petitioner cites to *Roberts v. Callahan*, 321 F.3d 994, 998 (10th Cir. 2003), for the proposition that discharge from the military is a "collateral consequence" sufficient to confer habeas jurisdiction. However, the petitioner in *Roberts* was in physical custody at the time he filed his habeas petition. He was then released while his petition was still pending. In addressing whether the petition was rendered moot by the petitioner's release, the Tenth Circuit noted that "the Supreme Court has recognized that if a prisoner has been released from custody while his habeas petition is pending, the court's jurisdiction depends upon the existence of 'collateral consequences [of the challenged conviction] to meet Article III's injury-in-fact requirement.'" *Roberts*, 321 F.3d at 998 (quoting *Spencer v. Kemna*, 523 U.S. 1, 14 (1998). Here, unlike the petitioner in *Roberts*, Petitioner was not in state custody when he filed his Petition. Although the *Roberts* court held that "collateral consequences" of a conviction after a petitioner is released from custody may defeat an argument that the petition is moot, nothing in the court's

4

decision indicates that "collateral consequences" can themselves satisfy the "in custody" requirement necessary for habeas jurisdiction to initially attach at the time the action is filed.

In his reply, Petitioner also cites to *Kauffman v. Secretary of the Air Force*, 415 F.2d 991 (D.D.C. 1969), in support of his argument. Petitioner states that "[i]n *Kauffman*, an out-of-custody petitioner sought habeas review of a military conviction that similarly caused his involuntary discharge from the military" and that "the court found that the badge of infamy that accompanies a military discharge that is not an honorable discharge satisfies the habeas 'in custody' requirement so as to establish jurisdiction for review." (ECF No. 8 at 5). The Court cannot agree with Petitioner's reading of *Kauffman*.[2] In *Kauffman*, the serviceman appellant, who had been court-martialed but was no longer in custody, sought review of a military judgment in U.S. District Court. The *Kauffman* court identified the issue before it as "whether habeas corpus to secure release from confinement is the exclusive collateral remedy, so that any jurisdictional attack on a court-martial judgment in civilian courts is barred if the plaintiff is no longer in custody." *Kauffman*, 415 F.2d at 994. The court ultimately concluded that there is no reason "for looking to habeas corpus alone" as the sole avenue to attack a military judgment in civilian court, and that the appellant thus could seek collateral review of the military judgment in civilian court even though habeas relief was unavailable because he was not in custody. *Id*. at 995-996. Thus, contrary to Petitioner's assertion, the *Kauffman* court did not conclude that the appellant had met

---

2 The Court also notes that *Kauffman* is not controlling authority in this case.

the habeas "in custody" requirement; rather, it concluded that, even though habeas relief was not available because the appellant was not in custody, he nonetheless could challenge his military conviction in a non-habeas collateral proceeding.   Here, Petitioner is not attacking a military judgment in a non-habeas collateral proceeding; he is attacking a state criminal conviction in a 28 U.S.C. § 2254 habeas proceeding.   Thus, the jurisdictional in-custody requirement for habeas corpus jurisdiction applies.

The Court is unpersuaded that Petitioner's discharge and bar from the military as a result of his state conviction renders him "in custody" for purposes of federal habeas corpus jurisdiction.   As Respondents note, Petitioner likely experienced more restraints on his liberty while he was in the military than he experiences now.   Cf. *Kanai v. McHugh*, 638 F.3d 251, 256 (4th Cir 2011) (conscientious objector seeking discharge from the military was "in custody" for purposes of habeas jurisdiction because of the restraints placed on his liberty by the U.S. military).   Convicted individuals can be subject to various restrictions after their release from physical custody, but a restriction does not constitute "custody" for purposes of habeas corpus jurisdiction if it does not "significantly confine and restrain freedom," *Mays*, 580 F.3d at 1139, and is not a "severe restraint[] on individual liberty," *Hensley*, 411 U.S. at 351.   Petitioner's military discharge and bar from military service do not meet this standard.

For these reasons, the Petition should be denied for lack of jurisdiction because Petitioner is not in custody.   Because the Petition should be denied for lack of jurisdiction, the Court does not address Respondents' argument that the Petition also is barred by the one-year limitation period.

## III. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) be denied and the action be dismissed without prejudice for lack of jurisdiction.

DATED September 2, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge